TODD M. LANDER (BAR NO. 173031)
todd.lander@ffslaw.com
MARK B. MIZRAHI (BAR NO. 179384)
mark.mizrahi@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Plaintiff NG IMPORTS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NG IMPORTS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CREATEDHAIR DESIGNS, LLC, a California limited liability company,<br><br>　　　　Defendant. | Case No. 2:21-CV-08086-JAK-RAO<br><br>**(MODIFIED) STIPULATED STANDING PROTECTIVE ORDER FOR PATENT CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT**<br><br>**The Hon. Rozella A. Oliver**<br><br>Trial Date:　　None Set |

5242687.1 27421-831

# 1. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Local Rule 7-5.1 and this Order if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

This Order may be extended to and govern the production of confidential information produced by a person who is not named as a party to this action. In such a case, the nonparty shall be considered a "designator" or a "party" hereunder to the extent necessary to extend the benefits and obligations of this Order to such nonparty.

# 2. DESIGNATING PROTECTED MATERIAL

**2.1 Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if

disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2    Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before five (5) business days, a right to have up to 21 days from the deposition or proceeding to make its designation.

2.2.1  A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

2.2.2  Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in

any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21−day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3  Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order and the designator's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" designation.

**3.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.  The designator bears the burden of proving that the information is properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY". The information shall remain subject to the designator's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" designation until the Court rules on the dispute. A party's failure to contest a designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" is not an admission that the information was properly designated as such.

**4.  ACCESS TO DESIGNATED MATERIAL**

**4.1  Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

of persons and under the conditions described in this Order.

**4.2   Disclosure of CONFIDENTIAL Material Without Further Approval**.

Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1**  The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2**  The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.3**  Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.4**  The Court and its personnel;

**4.2.5**  Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.6**  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit E-1); and

**4.2.7**  The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information, or an employee or author of the designator.

**4.3   Disclosure of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY Without Further Approval.**  Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY without further approval only to:

4.3.1  The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

4.3.2  The Court and its personnel;

4.3.3  Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1); and

4.3.4  The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

4.4  **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY to In-House Counsel or Experts.** Unless agreed to in writing by the designator:

4.4.1 A party may not disclose HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY information to an expert witness, expert consultant, or in-house counsel of a party until after the expert, consultant, or counsel has signed an undertaking in the form of the Agreement to Bound (Exhibit E-1) to this Order. The party obtaining the undertaking must serve it on all other parties. At least ten (10) days before the first disclosure of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY information to an expert witness, expert consultant, or in-house counsel (or member of their staff), the party proposing to make the disclosure must serve the designator with a written identification of the expert, consultant or in-house counsel and a copy of his or her curriculum vitae. If the designator has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a detailed written objection stating, in detail, the grounds for such objection within three (3) days after service of the identification. Unless the parties resolve the dispute within five (5) days after service of the objection, within 10 days after service of the objection, the designator must file a motion for

protective order with the Court to which the party proposing to make the disclosure may respond within five (5) court days of the filing thereof; no reply shall be filed by the moving party. The designator's failure to file a motion within 10 days after service of the objection shall constitute a waiver of any objection to disclosure of the designator's HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY information to such expert witness, expert consultant, or in-house counsel. The moving party shall bear the burden of showing good cause for preventing the disclosure, i.e., that the disclosure is likely to significantly harm the designator's competitive position in the marketplace, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court even if the restrictions in this Order were adhered to. In the event that the designator files such a motion, the party proposing to make the disclosure of the designator's HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY information may not disclose such information to the expert, consultant or in-house counsel without the Court's approval.

## 5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**5.1 Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2 Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that party in this action and designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, that party must do the following.

**5.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order.

  **5.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

  **5.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

  **5.3** **Wait For Resolution of Protective Order**. If the designator promptly seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

 **6.** **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

  If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit E-1).

 **7.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

  When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery

order that provides for production without prior privilege review pursuant to Fed. R. Evid. 502(d) and (e).

## 8. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with Local Rule 79-5. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. Accordingly, where possible, counsel are ordered to meet and confer in person or by telephone at least seven (7) calendar days prior to the filing of an application wherein the basis for the sealing is that it has been deemed confidential by the other party. Not later than two (2) calendar days after the meet and confer process, the opposing party shall confirm whether such information shall be designated as confidential or whether it can be made available to the public. Such an application shall contain the dates and method by which the parties met and conferred otherwise it will be denied without prejudice to an amended application being filed after counsel have completed this process. If a *receiving party's* request to file designated material under seal pursuant to Local Rule 79-5.1 is denied by the Court, then the receiving party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within four (4) days of the denial, or (2) as otherwise instructed by the Court. *See* supra 11., p. 18.

## 9. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1 copies, abstracts, compilations, summaries and any other format reproducing or
2 capturing any designated material. The receiving party must submit a written
3 certification to the designator by the 60-day deadline that (1) identifies (by category,
4 where appropriate) all the designated material that was returned or destroyed, and
5 (2) affirms that the receiving party has not retained any copies, abstracts,
6 compilations, summaries or any other format reproducing or capturing any of the
7 designated material. This provision shall not prevent counsel from retaining an
8 archival copy of all pleadings, motion papers, trial, deposition and hearing
9 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: January 28, 2022   FREEMAN, FREEMAN & SMILEY, LLP

By:   /s/ - Mark B. Mizrahi
TODD M. LANDER
MARK B. MIZRAHI
Attorneys for Plaintiff NG IMPORTS, INC.

DATED: January 28, 2022   HAHN & HAHN, LLP

By:   /s/ - Laura V. Farber
LAURA V. FARBER
Attorneys for Defendant, CREATEDHAIR DESIGNS, LLC

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: January 31, 2022

The Honorable Rozella A. Oliver
UNITED STATES MAGISTRATE JUDGE