WILLIAM E. ADAMS (BAR NO. 153330)
william.adams@ffslaw.com
MARK B. MIZRAHI (BAR NO. 179384)
mark.mizrahi@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Plaintiff NG IMPORTS, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NG IMPORTS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CREATEDHAIR DESIGNS, LLC, a California limited liability company, et al.,<br><br>Defendant. | Case No. 2:21-CV-08086-JAK-RAO<br><br>**PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION (DKT. 55), PURSUANT TO LOCAL CIVIL RULE 7-18**<br><br>**The Hon. John A. Kronstadt**<br><br>Trial Date: None Set |

5552964.1 27421-831

## TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 4

II. ARGUMENT IN SUPPORT OF RECONSIDERATION ........................... 5

   A. **The Court's construction results from a misunderstanding of the object of the invention.** ................................................................. 5

      1. The Specification is agnostic on whether the laterally placed securement members are disposed forward or rearward relative to the forward periphery of the mesh. .............. 6

      2. The Court misconstrues the meaning of Applicant's amendment, Applicant's characterization of the prior art, and the Examiner's Reasons for Allowance. ................................ 7

      3. The Court misconstrues Plaintiff's characterization of the invention. ................................................................................ 11

   B. **The Court should adopt a construction consistent with the intrinsic record.** ................................................................................ 13

      1. Plaintiff's proposed construction is consistent with the intrinsic record. ..................................................................... 14

      2. Plaintiff does not oppose alternative constructions consistent with the intrinsic record. .......................................... 15

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

5552964.1 27421-831

2

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Graham v. John Deere Co.*,
 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) .............................................. 13

*Medrad, Inc. v. MRI Devices Corp.*,
 401 F.3d 1313 (Fed. Cir. 2005) ......................................................................... 13

*Phillips v. AWH Corp.*,
 415 F. 3d 1303 (Fed. Cir. 2005) ........................................................................ 13

*Wi-LAN USA, Inc. v. Apple Inc.*,
 830 F.3d 1374 (Fed. Cir. 2016) ......................................................................... 15

**Other Authorities**

LOCAL CIVIL RULE 7-18 .................................................................................... 4

5552964.1 27421-831

3

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Local Civil Rule 7-18, Plaintiff respectfully requests that the Court reconsider and revise its Order Regarding Claim Construction [DKT. 55] (the "Order"), on the ground that Plaintiff herein makes "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."

Specifically, Plaintiff contends that the Court has, through various statements contained in the Order, demonstrated that it has misunderstood the object of the invention and the purpose of the amendment to add the disputed claim term to the asserted claims, as described in the specification, prosecution history, and Plaintiff's Markman briefing. Respectfully, Plaintiff urges that had the Court properly understood these material facts presented to the Court in connection with the parties' Markman submissions, the Court would have reached a different claim construction.

Indeed, Plaintiff contends that the Court's claim construction unnecessarily specifies (limits) the position of the forward periphery of the mesh element relative to the forward edges of the securement members. The specification, the asserted claims, the Applicant, and the Examiner, however, are all agnostic on this issue. And, as laid out in the file history, the disputed claim term was added without regard to the forward or rearward positioning of the forward edges of the laterally disposed securement members relative to forward periphery of the mesh element.[1] Rather, the amendment that spawned the disputed claim term was intended to address what may occur directly "in front of" the forward periphery of the mesh element.

Thus, in spite of the Court's stated intention to construe the claim consistent with the "plain and ordinary meaning" of the disputed claim term *when viewed in the context of the intrinsic record*, the Court in fact did not do so. Accordingly, Plaintiff respectfully requests that the Court reconsider its claim construction, and,

---

[1] Indeed, the Defendants sought to make this an issue to avoid infringement, but that was never contemplated by this claim term.

5552964.1 27421-831

4

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

being that claim construction is a matter of law, either adopt Plaintiff's proposed construction or adopt a new, less narrow construction that takes into account the context in which the disputed claim term was added to the asserted claims.

## II. ARGUMENT IN SUPPORT OF RECONSIDERATION

### A. The Court's construction results from a misunderstanding of the object of the invention.

In support of its construction, the Court states that "Because the securement members may be opaque, extending them past the forward periphery of the mesh element would contradict the objective of the invention." (Order, at page 10.) Having the opaque securement members (laterally disposed relative to the mesh element) extend forward relative to the forward periphery does not, however, contradict the objective of the invention. The invention is agnostic regarding such a structure, as the laterally disposed securement members are hidden from view under the wig's hair. In contrast, to be consistent with the object of the invention, at least some portion of the forward periphery of the mesh element must be transparent, as it is placed under the transparent part line of a mesh foundation wig.

That is why, as detailed in the intrinsic record (the specification and the file history discussed below), the invention requires that the forward periphery of the mesh element be free from other portions of the wig grip apparatus occluding the forward periphery – *i.e.*, disposed in front of it – along its entire span. In other words, in order to be consistent with the object of the invention, at least some portion of the forward periphery of the mesh element must remain free from an opaque structure disposed directly <u>in front of</u> the forward periphery. This is the case because having such an opaque structure occlude the entire span of the forward periphery would frustrate the purpose of having a transparent mesh element capable of being aligned along the parting line of a transparent mesh foundation wig and still remain transparent relative to the outside observer.

5552964.1 27421-831

5

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

That is, the fundamental purpose of inserting the mesh element between the two securement members is to create a transparent region of the wig grip apparatus for placement along the parting line of a transparent mesh foundation wig.  (A transparent mesh foundation wig allows for the scalp of the wearer to be visible through the foundation, so as to make the hair of wig appear to be extending from the scalp of the wearer.)  Having opaque structures of the wig grip apparatus spanning <u>in front of</u> the entire forward-facing portion of the mesh element (*i.e.*, occlude the entire forward periphery) would render that opaque structure visible under the parting line of the wig foundation, where the scalp would otherwise be visible through the transparent wig foundation.  That would undermine the illusion of being natural hair and, in turn, would contradict the objective of the invention.

Contrary to the Court's suggestion, having the opaque securement members extend forward or rearward relative to a hypothetical lateral (left and right) extension of the forward periphery (as opposed to in front of the forward periphery does not contradict the objective of the invention .[2]  That is because the mesh element, and not the securement members, of the wig grip apparatus is disposed under the transparent parting line of the lace foundation wig.

        1. <u>The Specification is agnostic on whether the laterally placed securement members are disposed forward or rearward relative to the forward periphery of the mesh.</u>

As stated in the specification, "when a conventional [*i.e.*, prior art] wig gripping device is worn between the wearer's scalp and the [lace foundation portion of a] conventional wig, that conventional device is frequently visible through the hair piece foundation to the eye of an outside observer."  ('159 patent, Col. 1:16-20.)

---

[2] Indeed, although, in Defendants' accused device, the forward periphery of the mesh element is receded relative to the forward edges of the securement members, it nevertheless carries out the object of the claimed invention.

5552964.1 27421-831

6

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

"One or more deficiencies of the prior art are solved by way of embodiments of the wig grip apparatus in accordance with the present disclosure." ('159 patent, Col. 1: 29-31.)  The prior art wig grip devices were largely opaque, lacking the transparent mesh element.  In contrast, the transparent mesh element in the wig grip apparatus of the claimed inventions (described at column 2:31-50 and as shown in the figures) provides transparency under an exposed portion of the lace foundation of a wig (*e.g.*, at the parting line), such that nothing opaque appears in front of the entire forward periphery of the mesh element.  (*See*, '159 patent, at Figs. 1-9.)

In fact, the only discussion of the relative position of the mesh element to the securement members was in reference to specific embodiments described in the specification and claimed in, e.g., claim 5 and claim 15 of the '159 patent, where alignment of the forward periphery with the forward edges of the securement members was taught and claimed.  This was not necessary to overcome the prior art of record, but, as the Court acknowledged, represents one embodiment.

For the foregoing reasons, at least, contrary to the Court's construction, having opaque securement members "extending [] past the forward periphery of the mesh element would [not] contradict the objective of the invention" and, as demonstrated below, was not required to overcome the cited prior art.

    2.    <u>The Court misconstrues the meaning of Applicant's amendment, Applicant's characterization of the prior art, and the Examiner's Reasons for Allowance.</u>

Similarly, in the support of its construction, the Court misconstrues the meaning of Applicant's amendment, Applicant's characterization of the Walsh reference and the Examiner's Reasons for Allowance, made during the course of the prosecution history.

5552964.1 27421-831

7

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

While the Court, at page 11 of its Order, correctly cites Applicant's statement in its August 5, 2020 response to Office action (Exhibit 9)[3], that "unlike 'the elastic cording[s]' in Walsh that are 'non-transparent structures present beyond the peripheries of the mesh,' 'including non-transparency beyond the forward periphery of the transparent mesh element would frustrate the purpose of the instant invention,'" the Applicant makes clear in that same response that "beyond" means "in front of" of the forward periphery, not beyond in the sense of both "lateral-of" and forward of the forward periphery of the mesh.

Applicant's statements are best understood by reference to the subject drawing from Walsh cited by the Examiner, set forth below and annotated in red font for the Court's convenience):



The Examiner's citation to the facial mask disclosed by Walsh as a Section 102 piece of prior art (see June 12, 2020 Office Action, Exhibit 4, at NGI00059-60) related to the presence of opaque cording bordering the leading edge of the mesh element – *i.e.*, appearing along and directly <u>in front</u> of the mesh element. That is,

---

[3] All references herein to numbered exhibits refer to the exhibits submitted in connection with Plaintiff's Opening Markman Brief [DKT. # 36].

the Examiner contended that the asserted claims, before Applicant's amendment that added the subject claim limitation, read on Walsh as they did not expressly exclude having the opaque cording beyond – in the sense of directly "in front of" – the forward periphery of the mesh element, as depicted above.  Thus, it is clear from Walsh that, Applicant's amendment to add the limitation "the wig grip apparatus lacks non-transparency beyond the forward periphery," was meant to exclude nontransparent structures of the wig grip apparatus appearing beyond in the sense of "in front" of the entire forward periphery, not beyond "laterally," *i.e.*, <u>not</u> in reference to the forward or rearward position of the forward edges of the securement members relative to a hypothetical extended boundary line aligned with the forward periphery.

In the absence of that amendment, the Examiner contended that the asserted claims would read on the mask disclosed in Walsh, as the claims prior to the amendments adding the disputed claim term could conceivably have cording occluding the portion in front of the forward periphery of the mesh element.  At the same time, the amendment, while distinguishing the claims from Walsh, was consistent with the goal of the invention, which, by its terms, would not serve its intended purpose was the entire forward periphery of the mesh element occluded by cording or any other structure of the wig grip apparatus.  Having such opaque cording or other opaque structures of the wig grip apparatus blocking, *i.e.* spanning in front of, the entire forward periphery of the mesh element would make the wig grip apparatus visible to the outside observer along the parting line of a lace foundation wig, as is the case with "conventional," prior art wig grip apparatuses – one of "the deficiencies of the prior art [] solved by way of embodiments of the wig grip apparatus in accordance with the disclosure of the" patents-in-suit.  ('159 patent, Col. 1: 29-31.)

Significantly, Walsh had no bearing on the relative positions of the securement members or how forward or rearward the securement members may be

5552964.1 27421-831

9

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

relative to the line forming the forward periphery of the mesh. Thus, the Court's construction that "the forward periphery of the mesh is the most forward portion of the wig grip apparatus," includes limitations that were neither necessary, nor intended, to overcome Walsh, the reference at issue: How forward or rearward the forward periphery of the mesh element may be relative to the forward edges of the securement members was neither pertinent nor discussed in the relevant portions of the file history.

Likewise, contrary to the Court's suggestion, the Examiner's reasons for allowance also do not support the Court's construction. Specifically, the Court quotes the Examiner's statement in her "statement of reasons for allowance," as follows: "Walsh does not disclose the mesh element including a forward periphery and that the forward periphery of the mesh terminates the apparatus." (Exhibit 11, at NGI00013-14.) In other words, Walsh teaches an opaque structure, *i.e.*, cording, directly in front of the forward periphery, such that, in Walsh, the forward periphery does not "terminate [] the apparatus"; rather, in Walsh, an opaque structure of the facemask apparatus occludes the forward periphery: In Walsh, the opaque cording, rather than the forward periphery of the mesh, terminates the apparatus.

This demonstrates that both the Examiner and the Applicant understood that the instant amendment was meant to convey that, unlike the mask apparatus in Walsh, no part of the wig grip apparatus of Applicant's claimed inventions may occlude the entire forward periphery, such that, in the Examiner's words, in reference to the claimed inventions, "the forward periphery of the mesh terminates the apparatus."[4]

---

[4] Notably, the disputed element could not have read "the mesh element terminates at the forward periphery," because, among other things, it leaves open the possibility that a cord-like structure could have been placed in front of the entirety of the forward periphery of the mesh element, which would have run afoul of the Walsh reference; In other words, such an amendment would not overcome the Walsh reference, as the fact that the mesh element terminates at the forward periphery does

(Continued…)

The Examiner and the Applicant both understood this, since, as the Court acknowledges, the Examiner did not object to the scope of Applicant's amendment – "the wig grip apparatus lacks non-transparency beyond the forward periphery" – but only to the clarity of the proposed language under §112. (Order, at page 11.)

Indeed, there was no mention whatsoever by Examiner Steitz of the relative positioning, forward or rearward, of the securement members relative to the forward periphery of the mesh element. Nothing in Walsh precludes having the mesh element being receded relative to the forward edges of the securement members.

In other words, the reference to the entire "wig grip apparatus" in the disputed limitation – "the wig grip apparatus terminates at the forward periphery" – means to convey that no portion of the wig grip apparatus may occlude the entire forward periphery; rather, the apparatus terminates at the forward periphery. To avoid frustrating the invention and to avoid Walsh, however, the forward periphery of the mesh element need not be forward of a line in space relative to the forward edges of the securement members. All that is required to overcome Walsh is that no part of the wig grip apparatus occludes or is in front of the entire forward periphery. That is what differentiates Applicant's invention from Walsh.

3. The Court misconstrues Plaintiff's characterization of the invention.

In further support of its construction, the Court misunderstands Plaintiff's characterization of the invention. While it is true that Plaintiff has argued that "having a nontransparent structure forward of the forward periphery" would undermine the goal of making the wig appear as natural as possible (Order, at page 10), the Court misunderstands what Plaintiff meant by "forward of." The Court

---

not preclude an opaque element of the wig grip apparatus from appearing <u>in front of</u> the forward periphery. Hence, the Examiner proposed that "the *wig grip apparatus* terminates at the forward periphery" – meaning that no portion of the apparatus may block the entire forward periphery of the mesh element.

5552964.1 27421-831

11

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

assumes that this means "forward of" laterally (*i.e.*, referencing the opaque securement members), but, consistent with the prosecution history, Plaintiff meant "forward of" <u>in front of</u> the forward periphery.  In fact, Plaintiff made this intention clear later on in the brief: "In other words, this proposed amendment – 'the wig grip apparatus lacks non-transparency beyond the forward periphery' – distinguishes the claims from Walsh in that Walsh teaches an apparatus with non-transparent cording bordering the periphery of the entire mesh portion of the apparatus, something that if present forward of the forward periphery of the mesh element of applicant's invention would frustrate its purpose, namely, 'help[ing] it appear to an outside observer that the hair strands of the wig 102 interface directly with the scalp 106 of the wearer.'" (*See* Opening Markman Brief, page 17:23-18:2.)

Plaintiff goes on to state that: "In other words, Walsh claims an apparatus with non-transparent cording bordering the entire mesh element including the forward periphery of the mesh, while the inventions disclosed in the asserted claims do not; rather, 'the wig grip apparatus terminates at the forward periphery' of the mesh element – lacking any cording or other non-transparent structure forward of the entire "forward periphery" of the mesh element." (*See* Opening Markman Brief, page 19:17-22.)  This makes clear that the term "forward of" is referring to "in front of" – as the amendment was made to overcome Walsh, which possesses opaque cording along, *i.e.*, in front of, the forward periphery of the mesh element.

Stated another way, the forward periphery of the mesh element in Walsh did not terminate the apparatus, but had cording in front of it.  If you were to modify Walsh by removing a segment of the cording beyond (*i.e.*, in front of) the forward periphery of the Walsh device, then it would <u>not</u> frustrate the purpose of the invention.  In contrast, Plaintiff argued, having the cording forward of, *i.e.*, <u>in front of</u>, the entire forward periphery of the mesh element would frustrate the purpose of the invention.

5552964.1 27421-831

12

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

For the foregoing reasons, Plaintiff respectfully contends that the Court's construction improperly places focus on what goes on laterally relative to the "forward periphery" of the mesh element, rather than what goes on directly in front of it. Accordingly, Plaintiff respectfully submits that the Court should amend its claim construction for the disputed claim term consistent with the specification and prosecution history, as set forth below.

## B. The Court should adopt a construction consistent with the intrinsic record.

As the Court acknowledged in the Order, the "plain and ordinary meaning" must be determined in light of the intrinsic record. *See Medrad, Inc. v. MRI Devices Corp.,* 401 F.3d 1313, 1319 (Fed. Cir. 2005) ("We cannot look at the ordinary meaning of the term ... in a vacuum. Rather, we must look at the ordinary meaning in the context of the written description and the prosecution history."). Indeed, as the Federal Circuit also observed,

> "[b]ecause the meaning of a claim term as understood by persons of skill in the art is often not immediately apparent, and because patentees frequently use terms idiosyncratically, the court looks to 'those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean.' [Citation omitted.] Those sources include "the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art."

*Phillips v. AWH Corp.*, 415 F. 3d 1303, 1314 (Fed. Cir. 2005); *see also Graham v. John Deere Co.,* 383 U.S. 1, 33, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) ("[A]n invention is construed not only in the light of the claims, but also with reference to the file wrapper or prosecution history in the Patent Office.").

5552964.1 27421-831

13

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

For the reasons stated above, the Court's construction reads limitations into the disputed claim term that were neither intended nor contemplated by either the Applicant or the USPTO. As the Applicant makes clear, Applicant proposed that the limitation "the wig grip apparatus lacks non-transparency beyond the forward periphery" in order to distinguish the claimed inventions from the Walsh reference's cording bordering the forward periphery of the mesh portion of the mask – a limitation amended by the Examiner on Section 112 grounds, only. That was all that was needed to overcome Walsh. The Court's construction goes far beyond that limitation by limiting the inventions to devices where "the forward periphery of the mesh element is the most forward portion of the wig grip apparatus." As set forth above, neither Applicant's proposed amendment nor Applicant's arguments made in connection therewith support the Court's narrow construction of the disputed claim term. As the Court, acknowledged a "'clear and unmistakable' disclaimer is required before treating an argument made by the applicant during prosecution that is not included in the claims as limiting claim scope." (Order, at page 12.) No such disclaimer is present, here.

Accordingly, viewing the disputed claim term in the context of the intrinsic record requires a construction different from the one proposed by the Court.

1. <u>Plaintiff's proposed construction is consistent with the intrinsic record</u>.

Plaintiff proposed the following construction: "The wig grip apparatus terminates at various locations about its periphery; one such location at which the wig grip apparatus terminates is at the forward periphery of the mesh element." The Court contends that, while "Plaintiff's proposed construction provides context for the relationship between [elements], it does not address claim scope." Order at pg. 8 (under "Analysis"). But, like the disputed claim term itself, Plaintiff's proposed construction narrows the asserted claims by distinguishing the claimed invention from the facemask disclosed in Walsh, while, at the same time, clarifying the meaning of "the wig grip apparatus terminates at" element. That is, by

5552964.1 27421-831

14

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

contextualizing the "forward periphery" of the disputed claim term as referring to one peripheral edge of the wig grip apparatus at which the wig grip apparatus terminates, it makes clear that, unlike Walsh, other portions of the wig grip apparatus may not occlude the entire forward periphery – as the wig grip apparatus terminates at the forward periphery.  (In the words of the Applicant in the August 5, 2020 Amendment, Exhibit 9, "the wig grip apparatus lacks non-transparency beyond the forward periphery.")

    2.    <u>Plaintiff does not oppose alternative constructions consistent with the intrinsic record.</u>

Regardless, if the Court is not inclined to adopt Plaintiff's proposed construction in spite of the foregoing, consistent with the Court's overall approach, Plaintiff proposes the following constructions: "*other elements of the wig grip apparatus do not occlude the entire forward periphery*" or "*at least a portion of the forward periphery remains unoccluded by other elements of the wig grip apparatus*."  This is all that is required to overcome Walsh (excluding having an opaque element of the wig grip apparatus occlude the entire forward periphery), and makes clear in plain language the meaning of the disputed claim term.

Indeed, nothing prevents the Plaintiff from asserting a new construction on a motion for reconsideration or the Court from adopting such a construction.  *Wi-LAN USA, Inc. v. Apple Inc.*, 830 F.3d 1374, 1385 (Fed. Cir. 2016)(Finding that District Court has "case-management discretion" to consider the merits of plaintiff's new construction in the context of a motion for reconsideration of the District Court's motion for summary judgment order.)

The fact that Plaintiff's proposed constructions are consistent with the meaning of the disputed claim term, when viewed in the context prosecution history, further can be gleaned by reference to the table set forth in **Exhibit A**, hereto, which places the Court and Plaintiff's constructions side-by-side with the Walsh reference and Applicant's August 5, 2020 amendment.

5552964.1 27421-831

15

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

Applicant respectfully submits that Plaintiff's proposed constructions are consistent with the language of the plain and ordinary meaning of disputed claim term, when viewed – as is required – in the context of the intrinsic record. Accordingly, Plaintiff respectfully requests that the Court adopt one of Plaintiff's proposed constructions for the disputed claim term.

DATED: October 6, 2022          FREEMAN, FREEMAN & SMILEY, LLP

By: _____
WILLIAM E. ADAMS
MARK B. MIZRAHI
Attorneys for Plaintiff NG IMPORTS, LLC

5552964.1 27421-831

16

PLAINTIFF NG IMPORTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION

**EXHIBIT A**

The fact that Plaintiff's proposed constructions are consistent with the prosecution history further can be gleaned by reference to the following table:

| Walsh Reference | Applicant's 08-05-20 Amendment | Examiner's 11-18-2020 Reasons for Allowance | Examiner's 11-18-2020 Amendment | Plaintiff's Proposed Construction | Plaintiff's 1st Alternative Proposed construction | Plaintiff's 2nd Alternative Proposed construction | The Court's Construction |
|---|---|---|---|---|---|---|---|
|  | "the wig grip apparatus lacks non-transparency beyond the forward periphery," | "Walsh does not disclose the mesh element including a forward periphery and that the forward periphery of the mesh terminates the apparatus." | "the wig grip apparatus terminates at the forward periphery" | "The wig grip apparatus terminates at various locations about its periphery; one such location at which the wig grip apparatus terminates is at the forward periphery of the mesh element." | "the other elements of the wig grip apparatus do not occlude the entire forward periphery" | "at least a portion of the forward periphery remains unoccluded by other elements of the wig grip apparatus" | "The forward periphery of the mesh element is the most forward portion of the wig grip apparatus" |

5548529.1
27421-831