UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086 JAK (RAOx) | Date | November 30, 2022 |
|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson-Terrell | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REGARDING MOTION FOR RECONSIDERATION OF ORDER REGARDING CLAIM CONSTRUCTION (DKT. 55, 58)

### I. Introduction

NG Imports, Inc. brought this action against Createdhair Designs, LLC, alleging that it infringes, among others, U.S. Patent Nos. 10,881,159 (the "'159 Patent") and 10,945,477 (the "'477 Patent"). Dkt. 1 at 4–6. On September 21, 2022, the Order Regarding Claim Construction ("Claim Construction Order") issued. Dkt. 55. Plaintiff subsequently filed a Motion for Reconsideration of the Claim Construction Order (the "Motion"). The briefing of the Motion has been filed. *See* Dkts. 56, 57, 58, 59 (Notice of Motion and related Corrected Notice of Motion documents); Dkt. 64 (Opposition); Dkt. 65 (Reply).

Based on a review of the briefing, it has been determined that the issues presented are appropriate for decision without oral argument. Accordingly, the hearing set on the December 5, 2022 calendar is **VACATED**. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated in this Order, the Motion is **DENIED**.

### II. Background

The '159 Patent and '477 Patent disclose a "Wig Grip Apparatus." *See* Dkts. 35-1, 35-2. The patents relate to "devices for facilitating the stable attachment of wigs to the head of a wearer" and are directed to "embodiments of a wig grip apparatus." '159 Patent at 1:6–8; 2:13–16. The claims of the '159 Patent are directed to the wig band itself, and the claims of the '477 Patent are directed to a method of using the wig band to hold a wig on the head of a user. Dkt. 35 at 3. The Claim Construction Order provided a detailed discussion of the technological background of the matters at issue, which is incorporated here by this reference. *See* Dkt. 55 at 1–4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086 JAK (RAOx) | Date | November 30, 2022 |
|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

With respect to the issues raised in the Motion, the Claim Construction order stated that "[t]he parties dispute whether the first and second securement members may extend past the forward periphery of the mesh element." *Id.* at 8. The Order concluded that "[a] review of the claim language, specification, and prosecution history demonstrates that 'the wig grip apparatus terminates at the forward periphery' should be understood by its plain and ordinary meaning." *Id.* Because "'the forward periphery' means the forward periphery of the mesh element," the Order concluded that the "plain and ordinary meaning of 'the wig grip apparatus terminates at the forward periphery' is **the forward periphery of the mesh element is the most forward portion of the wig grip apparatus**." *Id.* (emphasis added to show ruling underlying reconsideration motion).

### III.     Legal Standards

Fed. R. Civ. P. 54(b) provides that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation." *Id.*; *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Thus, a motion for reconsideration is to be made based on one of the following: (i) a claim of a material difference in fact or law from that presented to a court before its decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision; (ii) the emergence of new material facts or a change of law occurring after the time of such decision; or (iii) a manifest showing of a failure to consider material facts presented to the court before such decision. Local Rule 7-18. The moving party bears the burden to show clear error. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (movant must "establish that the district court committed clear error").

A motion for reconsideration may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. This is because a "mere attempt" by the moving party to reargue its position by directing the court to case law and arguments that it could have made earlier, but did not, is not consistent with the limited scope of an appropriate motion for reconsideration. *Mays v. Wal-Mart Stores, Inc.*, No. 18-cv-02318-AB, 2018 WL 6264991, at *2 (C.D. Cal. Oct 11. 2018) (quoting *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1049, 1057 (C.D. Cal. 1999)).

Whether to grant a motion for reconsideration is committed to the sound discretion of the court. *Classical Silk, Inc. v. Dolan Group, Inc.*, No. 14-cv-9224-AB, 2016 WL 7637668, at *2 (C.D. Cal. Mar. 1, 2016) (citing *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086 JAK (RAOx) | Date | November 30, 2022 |
|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

**IV.    Analysis**

    A.    The Position of the Parties

Plaintiff moves for reconsideration on the ground that the Claim Construction Order demonstrates "a failure to consider material facts presented to the Court before the Order was entered." Dkt. 58 at 4. Plaintiff contends the Order "misunderstood the object of the invention and the purpose of the amendment to add the disputed claim term to the asserted claims." *Id.* More specifically, Plaintiff argues that the "claim construction unnecessarily specifies (limits) the position of the forward periphery of the mesh element relative to the forward edges of the securement members" when the intrinsic evidence is "agnostic on this issue." *Id.*

Plaintiff suggests that "[h]aving the opaque securement members (laterally disposed relative to the mesh element) extend forward relative to the forward periphery" would not "contradict the objective of the invention" because "the laterally disposed securement members are hidden from view under the wig's hair." *Id.* at 5. Plaintiff also contends that "to be consistent with the object of the invention, at least some portion of the forward periphery of the mesh element must be transparent, as it is placed under the transparent part line of a mesh foundation wig." *Id.* In support of this position, Plaintiff explains that "[h]aving opaque structures of the wig grip apparatus spanning in front of the entire forward-facing portion of the mesh element (*i.e.*, occlude the entire forward periphery) would render that opaque structure visible under the parting line of the wig foundation, where the scalp would otherwise be visible through the transparent wig foundation." *Id.* at 6. Plaintiff argues this "contradict[s] the object of the invention" because it "undermine[s] the illusion of being natural hair." *Id.*

Further, Plaintiff argues that the Claim Construction Order misconstrued the prosecution history. Plaintiff argues that it shows that "Applicant's amendment to add the limitation 'the wig grip apparatus lacks non-transparency beyond the forward periphery,' was meant to exclude nontransparent structures of the wig grip apparatus appearing beyond in the sense of 'in front' of the entire forward periphery, not beyond 'laterally.'" *Id.* at 9. Plaintiff contends that the construction of this limitation erroneously "includes limitations that were neither necessary, nor intended, to overcome" prior art because "[h]ow forward or rearward the forward periphery of the mesh element may be relative to the forward edges of the securement members was neither pertinent nor discussed in the relevant portions of the file history." *Id.* at 10; *see also id.* at 11–12 (Plaintiff's argument is "forward" means "in front" of, not "laterally").

Plaintiff argues that its proposed construction, as presented in the claim construction briefs, should be adopted. *Id.* at 14 ("The wig grip apparatus terminates at various locations about its periphery; one such location at which the wig grip apparatus terminates is at the forward periphery of the mesh element."). Alternatively, Plaintiff argues that one of the following new constructions should be adopted: "other elements of the wig grip apparatus do not occlude the entire forward

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-08086 JAK (RAOx) | Date | November 30, 2022 |
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

periphery" or "at least a portion of the forward periphery remains unoccluded by other elements of the wig grip apparatus." *Id.* at 15.

Defendant responds that Plaintiff has not "presented new or old facts" suggesting any claim construction error, or any "material fact that would change the final holding as to the termination of 'the wig grip apparatus.'" Dkt. 64 at 4. Defendant argues that the "reading of the plain claim language" in the Claim Construction Order is "consistent with the prosecution history and the examiner's concerns for both obviousness and claim language clarity." *Id.* Defendant contends that Plaintiff's prosecution history arguments "focus[] only on the obviousness issues associated with the Walsh [prior art reference] and ignore[] the claim language clarity issues under Section 112 that the examiner identified." *Id.* at 5. Defendant also contends that reviewing the full summary of the interview with the examiner, not just the portion excerpted by Plaintiff, demonstrates that the current construction is correct. *Id.* at 5–6.

Defendant also contends that Plaintiff's claim construction briefs made several "purpose of the invention" arguments that were considered and rejected, and the Motion does not add anything new on such matters. *Id.* at 6. Defendant also contends that "[e]ven casual inspection shows that the vast majority of Plaintiff's arguments in the current Request for Reconsideration merely repeat the arguments of its earlier briefs." *Id.* at 8.

To the extent Plaintiff is seeking review of the examiner's § 112 objections, Defendant argues an appeal of the rejection would be the appropriate place to raise that objection. *Id.* Finally, Defendant argues that Plaintiff's requests, that its previously proposed construction be adopted, or alternatively that one of its new and unsupported negative-limitation constructions be adopted, are procedurally improper and do not comply with L.R. 7-18. *Id.* at 10–12.

    B.    Discussion

Plaintiff has not made "a manifest showing of a failure to consider material facts presented to the Court before [the] decision" in the Claim Construction Order. L.R. 7-18(c). Accordingly, reconsideration is unwarranted.

*First*, the new arguments presented in support of the Motion relate to the patent and its prosecution history, including interactions with the examiner and the claim amendment that led to issuance of the patent, and new proposed constructions. These arguments could have been made in Plaintiff's claim construction briefs, but were not. They provide an insufficient basis on which to grant reconsideration, which is an extraordinary remedy. *See Kona Enters.*, 229 F.3d at 890; *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

*Second*, the Motion repeats several of the arguments raised and considered during the claim construction process, including those concerning the purpose of the invention and prosecution

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086 JAK (RAOx) | Date | November 30, 2022 |
|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

history. *See* Dkt. 55 at 9–10 (discussing purpose of invention); *id.* at 11–12 (discussing prosecution history, amendment, and allowance). This is another insufficient basis to grant reconsideration. Indeed, it is precluded by Local Rule 7-18 and is inconsistent with the purpose of appropriate motions for reconsideration. *See Mays*, 2018 WL 6264991 at *2. Plaintiff has not demonstrated that these arguments were overlooked. Rather, Plaintiff's arguments arise from disagreement with the Claim Construction Order. *See PegasusSatellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ("[A] motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent.").

Because some of the arguments in support of the Motion are ones that could have been raised earlier, and others repeat those previously raised and considered, Plaintiff has not carried its burden to demonstrate that reconsideration is warranted. *See Sound View Innovations, LLC v. Hulu, LLC*, No. LA CV 17-04146-JAK-PLAx, 2020 WL 5356698, at *5 (C.D. Cal. June 18, 2020).

**V.     Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

:

Initials of Preparer    tj