UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV21-08086-JAK-RAO | | Date | November 21, 2023 |
|---|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (IN CHAMBERS) ORDER REGARDING MOTION TO MODIFY SCHEDULING ORDER (DKT. 96)

### I. Introduction

NG Imports, Inc. brought this action against CreatedHair Designs, LLC and CreatedHair, Inc. (collectively, "CreatedHair" or "Defendants"), alleging that each infringes U.S. Patent Nos. 10,881,159 (the "'159 Patent") and 10,945,477 (the "'477 Patent") for a "Wig Grip Apparatus," and D879,382 (the "D382 Patent") for the ornamental design of a "Wig Grip." Dkt. 1 at 4–6. After the Order Regarding Summary Judgment Motions (Dkt. 88) issued, Plaintiff filed a motion to modify the scheduling order to permit it to file a motion for entry of final judgment under Rule 54(b) and to stay case pending appeal of the claim construction and summary judgment rulings as to the utility patents. Dkt. 96. Defendants filed an opposition. Dkt. 97. Based on a review of the filings, it was determined that the issues presented are appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15.

For the reasons stated in this Order, the motion to modify the scheduling order is **DENIED**.

### II. Background

The '159 Patent, which issued on January 5, 2021 and is a divisional patent of the '477 Patent, is titled "Wig Grip Apparatus." Dkt. 35-1. The '477 Patent, which issued on March 16, 2021, is also titled "Wig Grip Apparatus." Dkt. 35-2. The '159 Patent and the '477 Patent relate to "devices for facilitating the stable attachment of wigs to the head of a wearer," and are directed to "embodiments of a wig grip apparatus." '159 Patent at 1:6–8; 2:13–16.[1] The claims of the '159 Patent are directed to the wig band itself, and the claims of the '477 Patent are directed to a method of using the wig band to hold a wig on the head of a user. Dkt. 35 at 3.

---

[1] The D382 Patent claims an ornamental design for a wig grip as shown and described in ten drawings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086-JAK-RAO | Date | November 21, 2023 |
|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

During claim construction proceedings, the parties disputed the meaning of claim limitation "the wig grip apparatus terminates at the forward periphery." The Order Regarding Claim Construction concluded that "the wig grip apparatus terminates at the forward periphery" "should be understood by its plain and ordinary meaning." Dkt. 55 at 8. "According to the plain language of the claims, 'the forward periphery' means the forward periphery of the mesh element." *Id.* Therefore, it was determined that "the plain and ordinary meaning of 'the wig grip apparatus terminates at the forward periphery' is the forward periphery of the mesh element is the most forward portion of the wig grip apparatus." *Id.* This construction was supported by the claim language, the specification and the prosecution history. *Id.* at 8-12.

After the Claim Construction Order issued, Plaintiff moved for reconsideration on the ground that the order did not consider material facts concerning the invention and disputed claim term. *See generally* Dkt. 58. Because the motion did not demonstrate "a manifest showing of a failure to consider material facts presented to the Court before [the] decision" in the Claim Construction Order, it was denied. *See* Dkt. 66 at 4-5 (quoting L.R. 7-18(c)) (new arguments could have been raised earlier, and other arguments were repeated from prior briefing).

Following claim construction, Defendant moved for summary judgment of non-infringement. In view of the Claim Construction Order, which forecloses Plaintiff's literal infringement theory, Plaintiff argued that the accused products infringe under the doctrine of equivalents. The Order Regarding Summary Judgment Motions concluded that, because the applicant made certain amendments to the claim language during prosecution to overcome § 102 and § 103 rejections, the claims were narrowed for a substantial reason relating to patentability. Dkt. 88 at 9. Thus, prosecution history estoppel applied and Plaintiff could not assert the surrendered subject matter as an equivalent to show infringement. *Id.* Accordingly, summary judgment of non-infringement was granted as to the utility patents. *Id.* at 9-10.[2]

In lieu of submitting a jointly proposed schedule for the remaining case deadlines, Plaintiff seeks to stay the dates set in the Scheduling Order to allow it to file a motion for entry of final judgment under Rule 54(b). Plaintiff would then appeal the claim construction and summary judgment rulings immediately, with the design patent portion of the case stayed pending that appeal.

**III.   Analysis**

    A.   Legal Standards

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent."

---

[2] Summary judgment of infringement concerning the design patent was denied because there were certain genuine issues as to material facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086-JAK-RAO | Date | November 21, 2023 |
|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

Fed. R. Civ. P. 16(b)(4). Accordingly, a party seeking a modification of a scheduling order "must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment [would be] proper under Rule 15." *Johnson*, 975 F.2d at 608. "A court's evaluation of good cause [under Rule 16] is not coextensive with an inquiry into the propriety of [a proposed] amendment under ... Rule 15." *Id.* at 609. Rather, the "good cause" standard of Rule 16 focuses on "the diligence of the party seeking the amendment." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

"To demonstrate it acted diligently, a party must show '(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered.'" *Amgen Inc. v. Sandoz Inc.*, No. 14-CV-04741-RS (MEJ), 2017 WL 1399077, at *2 (N.D. Cal. Apr. 18, 2017) (quoting *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, 2017 WL 732896, at *3 (N.D. Cal. Feb. 24, 2017)). "The burden is on the moving party to show diligence." *Apple Inc. v. Samsung Elecs. Co.*, Case No. 12 CV-00630-LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012). If the Court finds that the moving party acted diligently, it "then considers whether there would be undue prejudice to the non-moving party." *Id.*

    B.    Plaintiff's Motion

        1.    The Positions of the Parties

Because the deadline by which to file motions has passed, Plaintiff moves to modify the Scheduling Order to allow it to file its proposed Rule 54(b) motion. *See generally* Dkt. 96. Plaintiff argues that such relief is warranted for the following reasons: (1) it was diligent in assisting with the scheduling order by "actively participat[ing] in case scheduling;" (2) the timing of the proposed Rule 54(b) motion was unforeseen because the order granting summary judgment of non-infringement did not issue until one month after the motion cut-off deadline; and (3) it diligently filed the motion to amend the scheduling order. *Id.* at 5-6. Plaintiff also states that Defendants will not be prejudiced by amending the scheduling order to allow Plaintiff to file its proposed Rule 54(b) motion. *Id.* at 6-7.

Defendants respond that the motion should be denied for the following reasons: (1) Plaintiffs have not shown diligence in seeking an amendment to the motion cut-off date; (2) Defendants would be prejudiced by further delay; and (3) the proposed Rule 54(b) motion is futile because there is no pressing need for a partial, final judgment. *See generally* Dkt. 97. Defendants argue that Plaintiff fails to explain "why the claim construction ruling would not have provided more than sufficient notice to allow a further amendment of the schedule." *Id.* at 5.[3] Thus, Defendants argue that Plaintiff has not shown that "a possible loss on the doctrine of equivalents was totally

---

[3] The parties agree that, under the Claim Construction Order, there is no literal infringement. See id at 2 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-08086-JAK-RAO | Date | November 21, 2023 |
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

unforeseeable before the motion deadline." *Id.* Defendants contend that "delay in resolving the design patent and likely need for a [second] appeal would be a waste of judicial resources." *Id.*

      2.     Analysis

Plaintiff has not demonstrated good cause for amending the Scheduling Order under Rule 16(b). Plaintiff has failed to demonstrate that it was diligent in either discovering the basis for amendment, or in seeking amendment once it discovered the proposed basis for seeking amendment. *Amgen*, 2017 WL 1399077, at *2.

*First*, Plaintiff has not shown diligence in discovering the proposed need to seek interlocutory review. A review of the Claim Construction Order and the Order Denying Reconsideration of it put Plaintiff on notice of a reasonable probability that Plaintiff's infringement claim would be foreclosed. As stated, Plaintiff acknowledges that the Claim Construction Order precludes its literal infringement theory. Its decision to seek reconsideration of that order supports the view that Plaintiff knew this at or around the time the order issued. With literal infringement unavailable, a review of the prosecution history would have put Plaintiff on notice that there was a reasonable possibility that the doctrine of equivalents was not an available theory due to prosecution history estoppel. Thus, Plaintiff was not diligent by waiting until after the Order Regarding Summary Judgment issued to seek an extension to the motion cut-off deadline. If entry of an adverse order after the motion cut-off deadline was sufficient to show good cause, there would be good cause to extend the deadline to allow further motion practice in nearly every case.

*Second*, Plaintiff has not shown diligence in seeking the amendment of the Scheduling Order. The Claim Construction Order issued on September 21, 2022 (Dkt. 55), and the Order Denying Reconsideration issued on November 30, 2022 (Dkt. 66). Further, the Order Regarding Summary Judgment issued on June 27, 2023. Dkt. 88. Plaintiff filed the instant motion on August 24, 2023. Setting aside that these circumstances were foreseeable as soon as the Claim Construction Order issued, a two-month delay from the most recent order is not reasonable given the straightforward procedural circumstances presented.

Even if Plaintiff could show diligence, and assuming there is no prejudice to Defendants, the motion would be denied because Plaintiff has not demonstrated that its proposed Rule 54(b) motion would be proper under Rule 15. *Johnson*, 975 F.2d at 608. Once good cause is shown under Rule 16(b), amending under Rule 15(a) should be allowed "as a matter of course . . . unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id.* at 607.

A review of Plaintiff's proposed Rule 54(b) motion demonstrates that granting the request to extend the motion cut-off deadline is not warranted under Rule 15 where the proposed motion would be futile. Under Rule 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086-JAK-RAO | Date | November 21, 2023 |
|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

just reason for delay." Fed. R. Civ. P. 54(b). Although the Claim Construction Order and Order Regarding Summary Judgment would allow for partial final judgment as to the utility patent claims, both the utility patent infringement claims and design patent infringement claim arise from the same accused products. Thus, permitting interlocutory appeal would lead to what could be piecemeal appeals. This presents a just reason for delay because, on these facts, "the inconvenience and costs of piecemeal review on the one hand" outweighs "the danger of denying justice by delay on the other." *Keith Mfg. Co. v. Butterfield*, 955 F.3d 936, 939 (Fed. Cir. 2020). Thus, Plaintiff has not met its burden under Rule 54(b). Accordingly, even if considered, the proposed motion would be denied.

For the foregoing reasons, in an exercise of discretion, "in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals," the motion to amend is denied because amending the Scheduling Order to allow the filing of the Rule 54(b) motion would be futile because the proposed motion would also be futile. *See Rutherford v. Palo Verde Health Care Dist.*, No. ED CV 13-01247 JAK SPX, 2015 WL 12864242, at *1 (C.D. Cal. Feb. 5, 2015) (relief under Rule 54(b) unwarranted where there was "an overlap between the facts that underlay the claims that have been dismissed and those that remain for trial;" "there is no showing of any financial hardship to [the moving party] that will arise by having this matter completed as to all claims;" and "[w]aiting will also streamline the consideration of any issues that may arise as to the entry of judgment").

### III. Conclusion

For the reasons stated in this Order, Plaintiff's motion to amend the Scheduling Order is **DENIED**.

The parties are directed to meet and confer regarding a proposed schedule for the remaining pretrial and trial deadlines. *See* Dkt. 11 (Standing Order), Ex. C-1, Ex. A, p. 50 (Schedule of Dates for Civil Jury Trials). Thereafter, and within fourteen (14) days of the issuance of this Order, the parties shall submit a joint report setting forth their collective and/or respective proposals for the remaining case schedule and their views on further settlement efforts.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    tj