ANNE WANG (CA BAR NO. 151000)
awang@lewisroca.com
DREW WILSON (CA BAR NO. 283616)
dwilson@lewisroca.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900

LANCE G. JOHNSON (Admitted *Pro Hac Vice*)
lance@lgjlegal.com
JOHNSON LEGAL PLLC
12545 White Drive
Fairfax, Virginia 22030-6413
Telephone: (202) 445-2000
Facsimile: (888) 492-1303

Attorneys for Defendants
CREATEDHAIR DESIGNS, LLC
CREATEDHAIR, INC.

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NG IMPORTS, LLC, a California limited liability company, <br><br>               Plaintiff, <br><br>      vs. <br><br> CREATEDHAIR DESIGNS, LLC, a California limited liability company; and CREATEDHAIR, INC., a California corporation, <br><br>              Defendants. | Case No.: 2:21-cv-08086-JAK-RAO <br><br> **DEFENDANTS' MOTION FOR FEES UNDER 35 U.S.C. 285** <br><br> **Hearing Date: April 15, 2024** <br> **Time: 8:30 am** <br> **Courtroom: 10B** <br> **First Street Courthouse** <br><br> **Hon. John A. Kronstadt** |

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.      INTRODUCTION ................................................................. 1

II.     RELEVANT BACKGROUND ............................................. 2

III.    LEGAL STANDARDS FOR AWARDING FEES ............................. 3

IV.     ARGUMENT FOR AWARDING FEES ................................ 5

V.      CALCULATING A REASONABLE FEE AWARD ....................... 7

VI.     CONCLUSION ................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Davis v. City & Cnty. of San Francisco*,
   976 F.2d 1536 (9th Cir. 1992), opinion vacated in part ................................... 5

*Energy Heating, LLC v. Heat On-The-Fly, LLC*,
   15 F.4th 1378 (Fed. Cir. 2021) .......................................................................... 4

*Large Audience Display Sys., LLC v. Tennman Prods., LLC*,
   660 F. App'x 966 (Fed. Cir. 2016) .................................................................... 8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   572 U.S. 545 (2014) ...................................................................................... 3, 4

*Stiles v. Walmart, Inc.*,
   No. 214CV02234DADDMC,
   2023 WL 7004312 (E.D. Cal. Oct. 24, 2023) ................................................ 4, 5

*Windy Cove, Inc. v. Circle K Stores, Inc.*,
   No. 21-CV-1416-MMA-DEB,
   2024 WL 393237 (S.D. Cal. Feb. 1, 2024) ..................................................... 5, 8

**Statutes**

35 U.S.C. §120 ...................................................................................................... 3

35 U.S.C. § 285 ............................................................................................... 1, 4, 9

35 U.S.C. § 287 ...................................................................................................... 2

**Other Authorities**

L.R. 7-3 .................................................................................................................. 1

## I.   __INTRODUCTION__

Defendants seek an award of its nontaxable attorney fees for defending this case through summary judgment. (This amount does not reflect time spent on defense of the design patent claim (Count II). [1]

An award of attorney fees to Defendants under 35 U.S.C. § 285 are appropriate for this case under the totality of the circumstances. For example:

a.    The examination history of the asserted utility patents shows that Plaintiff tried to get the broad language now asserted both literally and under the doctrine of equivalents. The examiner objected to the proposed language. Faced with a more extended examination, Plaintiff chose to accept the narrower language proposed by the examiner and get the patents sooner rather than later. Any reasonable examination of the final claim language, the supporting disclosure, and the prosecution history would come to the conclusions reached by the Court in its claim construction Order (Dkt. 55) and decision on summary judgment (Dkt. 88).

Before this case was ever filed, Defendants provided Plaintiff with a detailed analysis of the key claim language and the '159 prosecution history showing there could be no infringement. Despite this advance notice, Plaintiff pursued a weak

---

[1]   The parties have agreed that all costs and fees associated with Count II (design patent) would be borne by the respective parties. This agreement came from a conversation between the undersigned and Mr. Mizrahi, counsel for Plaintiff, in mid-February 2024 in which the issues of the present motion for fees was discussed in the context of dismissal of Count II and where the undersigned explicitly reserved the ability to move for fees apart from any agreement regarding dismissal of the design patent claim. This motion was also discussed with Mr. Michalek, the other counsel for Plaintiff, on March 6, 2024 to clarify that Plaintiff would still oppose this motion. (It does.) I believe this to be sufficient to comply with L.R. 7-3.

case for infringement that would require different claim language and a different prosecution history. A reasonable pre-suit investigation would have sought reissue for at least one of the asserted patents rather than litigation to try to get the broader claim scope than what came out of the original examination process.

b.     Plaintiff's decisions to assert two utility patents with the same claim language and seven claims between those two patents unnecessarily increased the costs to defend against the claims made. The '477 patent and all of the dependent claims added nothing to the infringement analysis or result except added cost.

## II.    **RELEVANT BACKGROUND**

1)     On July 5, 2021, Defendant CreatedHair Designs (CHD) began to sell the WigSECURE CRYSTAL wig band on Etsy and Amazon.

2)     On July 31, 2021, an email conversation between the principals resulted in an agreement to take down the listings for the CRYSTAL while the infringement issues got sorted. Sales of the CRYSTAL product were halted thereafter. (See Exh. 1 - Gibson depo p. 138/9-21.)

3)     Plaintiff sent Defendant CreatedHair Designs (CHD) a letter dated September 14, 2021 accusing the "Wig SECURE" CRYSTAL product of infringing the '159 patent under the doctrine of equivalents. (Exh. 2 - CHD0039-43.)

4)     On September 20, 2021 CHD's counsel responded with a detailed analysis of the language and the prosecution history of the '159 patent independent claims. The analysis concluded that the CRYSTAL product did not infringe the '159 patent claims either literally or under the doctrine of equivalents. (Exh. 3 - CHD0044-53.)

5)     The complaint in this case was filed on October 11, 2021, asserting infringement of US 10,881,159 (the '159 patent); US 10,945,477 (the '477 patent); and US D879,382 (the Asserted Patents). (Dkt. 1) This was defendants' first notice of the '477 and '382 patents under 35 U.S.C. § 287.

6)    The Asserted Patents are related under 35 U.S.C. §120 in that the '159 Patent is a divisional patent of the '477 patent. The '159 Patent claims are directed to the wig band, itself, while the '477 Patent is directed to a method of using this wig band to hold a wig on a user. The disclosures are the same, and the language describing the band is essentially the same between the '159 and '477 Patents.

7)    By the time the complaint was filed, sales of the CRYSTAL product had stopped. (Exh. 1 at 138/19-21.)

8)    The Court issued its claim construction Order on September 21, 2022. (Dkt. 55.)

9)    On November 30, 2022, the Court denied Plaintiff's motion to reconsider its Order on claim construction (Dkt. 66) holding that the request was improperly based on: (a) new arguments that could have been presented before, and (b) old arguments that were previously found unpersuasive. (*Id*. at 4-5.)

10)    On June 27, 2023 the Court issued its Order granting defendants' motion for summary judgment (Dkt. 88) of no infringement for the '159 and '477 utility patents. The Order went through a detailed analysis and held that prosecution history estoppel and claim differentiation precluded application of the doctrine of equivalents.

III.   **LEGAL STANDARDS FOR AWARDING FEES**

An "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

-3-

"But sanctionable conduct is not the appropriate benchmark. Under the standard announced today, a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so "exceptional" as to justify an award of fees. . . Something less than 'bad faith,' we believe, suffices to mark a case as 'exceptional.'" *Id*. at 555.

"Courts . . . do not award attorney's fees as a penalty for failure to win a patent infringement suit. The legislative purpose behind 35 U.S.C. § 285 is to prevent a party from suffering a 'gross injustice,' not to punish a party for losing." *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020) (citations omitted).

"[A]n adequate pre-filing investigation into infringement requires a party to 'interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement. Courts have found that a plaintiff's failure to adequately investigate their patent infringement claims "weighs in favor of finding that [the] case is exceptional." *Stiles v. Walmart, Inc.*, No. 214CV02234DADDMC, 2023 WL 7004312, at *4 (E.D. Cal. Oct. 24, 2023).

"The party seeking fees must prove that the case is exceptional by a preponderance of the evidence, and the district court makes the exceptional-case determination on a case-by-case basis considering the totality of the circumstances." *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 15 F.4th 1378, 1382 (Fed. Cir. 2021).

"If a court determines that a case is exceptional and awarding attorneys' fees to the prevailing party is appropriate, the court must then determine what amount of such fees is reasonable to award. In calculating reasonable fee awards under § 285, courts apply the lodestar method, which provides a presumptively reasonable fee amount, by multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case. The court should exclude from this

initial fee calculation hours that were not reasonably expended because they were excessive, redundant, or otherwise unnecessary. In addition to setting the number of hours, the court must also determine a reasonable hourly rate, considering the experience, skill, and reputation of the attorney requesting fees. Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Stiles v. Walmart, Inc.*, No. 214CV02234DADDMC, 2023 WL 7004312, at *5 (E.D. Cal. Oct. 24, 2023) (citations omitted).

"In addition to the declarations of counsel, the Court relies on its own knowledge and experience of customary rates concerning reasonable and proper fees . . . and considers the relevant Kerr factors." *Windy Cove, Inc. v. Circle K Stores, Inc.*, No. 21-CV-1416-MMA-DEB, 2024 WL 393237, at *7 (S.D. Cal. Feb. 1, 2024) (citations omitted).

"The Johnson–Kerr factors include the novelty and difficulty of the issues involved in a case, the skill required to litigate those issues, the preclusion of other employment, the customary fee, relevant time constraints, the amount at stake and the results obtained, the experience, reputation, and ability of the attorneys, the nature and length of their professional relationship with the client, the 'undesirability' of a case, and awards in similar suits." *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992), opinion vacated in part on denial of reh'g, 984 F.2d 345 (9th Cir. 1993).

## IV. <u>ARGUMENT FOR AWARDING FEES</u>

One might speculate about the true motivations for prosecuting this case against the Defendants, but certain events are undisputed that take this case out of the norm. Notably, Plaintiff presented a weak case for infringement that was plainly unsupported by the language of the asserted claims and the events of the documented prosecution history.

The weakness of Plaintiff's case is surprising because it was provided before the suit with a fulsome, pre-suit analysis from Defendants' counsel (<u>Exh. 3</u>

-5-

CHD0044-53) of the detailed factual and legal grounds why the accused CRYSTAL band did not infringe:

> [I]n relation to Claims 1 and 20 of the '159 patent, it is immediately clear that the recessed silk band structure of the Gibson product does not include the recited mesh element "having a forward periphery" such that, "the wig grip apparatus terminates at the forward periphery" of the mesh element. The silk band structure of the Gibson product is located behind and recessed from the frontal boundary at which the Gibson product terminates. (Exh. 3 at CHD0052.)

> Indeed, if we examine the "territory between the original claim and the amended claim", it is clear that the original scope of Claim 1 extended broadly to a transparent mesh element situated between two straps. That broad recitation was insufficient to overcome the prior art, which is why, as noted in the first Examiner Interview summary, the parties "discussed the extension of the middle mesh section of the instant invention to the forward edge of the wig grip apparatus as a distinguishing feature". Having been unsatisfied with the first attempt to capture that distinguishing feature, the Examiner ultimately required that the claims recite the specific limitation that the "wig grip apparatus terminates at the forward periphery" of the mesh element itself. (Id.)

> In relation to the circumstances here, the rationale underlying the amendment - that the mesh element forms the leading edge of the apparatus - is not "tangential". Because the Gibson product uses a reduced-width silk band to provide a fabric-free frontal part area, the Gibson product added silicone strips to compensate for precisely the adhesion issue which the claimed '159 structure, as amended, was

argued to overcome. Additionally, the Gibson product lacks one of the advantages specifically called out in the '159 patent of having a mesh element form the frontal part of the apparatus as recited in the claims as amended, in that the fabric elements remain the frontal boundary of the apparatus. (Id.)

Pointedly, Plaintiffs sought to prosecute their infringement cases with context rather than claim language.[2] When Plaintiff did try to introduce new arguments in their motion for reconsideration, it was too late as they had been waived for failing to raise them earlier. (See Dkt. 66 at 4-5.)

Second, Plaintiff unnecessarily multiplied the costs associated with defending this case by asserting both the '159 patent (directed to the product) and the '477 patent (directed to the method of using that same product). The asserted dependent claims in the '159 patent added nothing to the infringement case over the key language appearing in both of the '159 independent claims 1 and 20. The '477 patent claims had the same operative language to describe the wig band as the '159 patent but provided no new claim language or insights from the prosecution history that would have produced a different result.

Plaintiff's Request for Reconsideration of the claim interpretation decision was equally an unnecessary use of the court's time and the costs of defending this case.

## V.   CALCULATING A REASONABLE FEE AWARD

"On remand, if the district court finds the case exceptional, it must use the lodestar method to calculate attorney's fees determining the reasonable hours and rates for the lodestar calculation. Though Appellees were represented by attorneys

---

[2]  See Dkt. 55 at 8: "Although Plaintiff's proposed construction provides context for the relationship between these elements, it does not address claim scope."

from New York, the litigation occurred in the Central District of California. California fee rates should be used to calculate the lodestar figure unless there is some special expertise Appellees' counsel had that warrants a different rate, or a showing is made that there is a prevailing national rate applicable in patent cases." *Large Audience Display Sys., LLC v. Tennman Prods., LLC*, 660 F. App'x 966, 973 (Fed. Cir. 2016).

"In addition to the declarations of counsel, the Court relies on its own knowledge and experience of customary rates concerning reasonable and proper fees." *Windy Cove, Inc. v. Circle K Stores, Inc.*, No. 21-CV-1416-MMA-DEB, 2024 WL 393237, at *7 (S.D. Cal. Feb. 1, 2024).

In this case, lead counsel (Mr. Johnson) billed 407.1 hours to this case from its beginning (October 2021) through the decisions on summary judgment, Dkt 88 dated 6/27/2023. (See the co-filed Declaration of Lance G. Johnson and Exh A attached thereto.) Local counsel billed 89.8 hours for the same period. (Id.) Combined, counsel required 469.6 hours for this case during this period.

Mr. Johnson's hourly rate during this case was $297.50-$425. His hour-averaged billing rate for this period is $374.58. (Id.)

Laura Farber and Drew Wilson were local counsel in this case. Laura Farber had an hourly billing rate of $525. Mr. Wilson had an hourly rate of $485-$525 during this case. (Id.)

The hour-averaged billing rate for both local counsel (Laura Farber from 11/2021-12/2021, and Drew Wilson from 1/2022 to 6/2022) is $500.86.[3]

---

[3]   The hour-rated average billing rate is determined by summing that proportionate number of hours at a billing rate relative to the overall time spent by counsel on the matter, e.g., $395(52.7/407.1) + $425(196/407.1) + $380.3(15.1/407.1) + $297.50(143.3/407.1) = $374.58.

-8-

Based on the costs and fees reported nationwide for IP cases and attorney billing rates, movants submit that its request for $198,348,75 in fees is reasonable.

The actual billing to Defendants thru decision on summary judgment was $198,348,75.The hourly-weighted average applied to all counsel for Defendants is $397.86.

The 2023 AIPLA Economic Survey with data from 2022 (Johnson Decln. Exh. B) shows that the median billing rate for all IP member attorneys nationwide is $420. Applying this rate to this case and 496.6 hours would be $208,572.

The 2023 AIPLA survey shows that the median cost of a patent infringement suit for less than $1M at risk thru discovery, motions, and claim construction is between $166k-$500k with a mean (average) of $349k and a median of $300k. Defendants' fees were less than the mean and the median of typical costs. Defendants submit that the attorney fees they have incurred are reasonable.

## VI.    <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request the Court find this case exceptional under § 285 and award Defendants their attorneys' fees they have incurred in defending this case through summary judgment.

Dated: March 12, 2024                Respectfully submitted,

                                     /s/Lance G. Johnson
                                     Lance G. Johnson
                                     JOHNSON LEGAL PLLC

                                     Drew Wilson
                                     LEWIS ROCA ROTHGERBER
                                     CHRISTIE LLP

                                     Attorneys for Defendants
                                     CREATEDHAIR DESIGNS, LLC and
                                     CREATED HAIR, INC.

**CERTIFICATE OF COMPLIANCE**

      The undersigned, counsel of record for Defendants CreatedHair Designs, LLC and CreatedHair, Inc., certifies that this brief contains 2,590 words, which complies with the word limit of L.R. 11-6.1.


Dated:  March 12, 2024        /s/Lance G. Johnson
                                 Lance G. Johnson