UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV21-08086 JAK (RAOx) | | Date | April 17, 2024 |
|---|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: DEFENDANTS' MOTION FOR FEES UNDER 35 U.S.C. § 285 (DKT. 111)

### I. Introduction

On October 11, 2021, NG Imports, Inc. ("NG" or "Plaintiff") brought this action against CreatedHair Designs, LLC and CreatedHair, Inc. (collectively, "CreatedHair" or "Defendants"), alleging that they infringe U.S. Patent Nos. 10,881,159 (the "'159 Patent") and 10,945,477 (the "'477 Patent") for a "Wig Grip Apparatus," and D879,382 (the "D382 Patent," or together with the '159 Patent and '477 Patent, the "Asserted Patents") for the ornamental design of a "Wig Grip." Dkt. 1 (the "Complaint") at 4–6. On September 21, 2022, the construction of one term from the '159 Patent and '477 Patent was resolved. Dkt. 55 (the "Claim Construction Order"). On February 17, 2023, Defendants moved for summary judgment on the basis that its products did not infringe the Asserted Patents. On February 21, 2023, Plaintiff filed a similar motion for partial summary judgment on the issue of infringement. Dkt. 72. On June 27, 2023, Defendants' motion for summary judgment was granted in part as to the utility patents, and Plaintiff's motion was denied. Dkt. 88 (the "MSJ Order").

On March 12, 2024, Defendants moved for an award of attorney's fees pursuant to 35 U.S.C. § 285. Dkt. 111 (the "Motion"). On March 25, 2024, Plaintiff filed an opposition. Dkt. 119 (the "Opposition"). On March 28, 2024, Defendants filed a reply. Dkt. 121 (the "Reply").

A hearing was previously scheduled for April 22, 2024. However, on April 16, 2024, the Motion was taken under submission. Dkt. 124; L.R. 7-15. For the reasons stated in this Order, the Motion is **DENIED**.

### II. Background

    A.    The Utility Patents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-08086 JAK (RAOx) | Date | April 17, 2024 |
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

The '159 Patent, which issued on January 5, 2021, is titled "Wig Grip Apparatus." Dkt. 35-1. It claims priority to U.S. Patent App. No. 16/819,024, which was filed on March 13, 2020, and published as U.S. Patent App. Pub. No. 2020/0214379. Plaintiff is the assignee of the '159 Patent.

The '477 Patent, which issued on March 16, 2021, is also titled "Wig Grip Apparatus." Dkt. 35-2. It claims priority to U.S. Patent App. No. 16/276,579, which was filed on February 14, 2019, and published as U.S. Patent App. Pub. No. 2020/0015532. Plaintiff is the assignee of the '477 Patent.

The '159 Patent and the '477 Patent (the "asserted utility patents") are related under 35 U.S.C. § 120 because the '159 Patent is a divisional patent of the '477 Patent. Dkt. 35 at 3. The asserted utility patents relate to "devices for facilitating the stable attachment of wigs to the head of a wearer" and are directed to "embodiments of a wig grip apparatus." '159 Patent at 1:6–8; 2:13–16. The claims of the '159 Patent are directed to the wig band itself, and the claims of the '477 Patent are directed to a method of using the wig band to hold a wig on the head of a user. Dkt. 35 at 3.

According to the specification, the wig grip apparatus comprises at least a first securement member, a second securement member, and a transparent mesh element. '159 Patent at 2:16–19; 2:31–33. Specifically, the first and second securement member each may be comprised of a flexible fabric, have an outboard portion and an inboard portion, and have varying length. *Id*. at 2:20–30. The transparent mesh element may be affixed to the first and second inboard portion. *Id*. at 2:31–43. The securement members may each include a forward edge and an opposing rearward edge. *Id*. at 2:63–65. The mesh element may include a frontal segment having a forward periphery, which may preferably be in alignment with the forward edges. *Id*. at 2:65–3:1. For example, Figure 1 depicts a "diagrammatic bottom plan view of the one example wig grip apparatus in accordance with the present disclosure:"



*See id.*, Fig. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086 JAK (RAOx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

During the claim construction proceedings in this action, the parties disputed the meaning of claim limitation "the wig grip apparatus terminates at the forward periphery." For illustrative purposes, the limitation is shown as it appears in Claim 1 of the '159 Patent:

> 1. A wig grip apparatus for facilitating enhanced securement of a wig to the head of a wearer, the wig grip apparatus comprising:
> a first securement member comprised of velvet or velour and having a first outboard portion and a first inboard portion disposed oppositely of one another;
> a second securement member comprised of velvet or velour and having a second outboard portion and a second inboard portion disposed oppositely of one another ; and;
> a mesh element being transparent and affixed between the first inboard portion and the second inboard portion;
> wherein the first outboard portion and second outboard portion are configured to be placed into releasable gripping engagement with one another, and wherein
> (a) the first securement member, the second securement member and the mesh element collectively form a band configured to encircle a head of a wearer when the first outboard portion and second outboard portion are in said releasable gripping engagement with one another;
> (b) the mesh element includes a forward periphery extending from the first inboard portion to the second inboard portion; and
> (c) **the wig grip apparatus terminates at the forward periphery**.

'159 Patent at Claim 1 (emphasis added to show disputed claim limitation); *see also id.* at Claim 20 (including a similar wherein clause, "wherein . . . the wig grip apparatus terminates at the forward periphery"); *see also* '477 Patent at Claim 1 ("A method of using a wig grip apparatus . . . the method comprising . . . a mesh element . . . wherein the mesh element includes a forward periphery and the wig grip apparatus terminates at the forward periphery").

The Claim Construction Order determined that "the wig grip apparatus terminates at the forward periphery" "should be understood by its plain and ordinary meaning." Claim Construction Order at 8. "According to the plain language of the claims, 'the forward periphery' means the forward periphery of the mesh element." *Id.* Therefore, it was determined that "the plain and ordinary meaning of 'the wig grip apparatus terminates at the forward periphery' is the forward periphery of the mesh element is the most forward portion of the wig grip apparatus." *Id.* This construction is supported by the claim language, the specification, and the prosecution history. *Id.* at 8-12.

After the Claim Construction Order issued, Plaintiff moved for reconsideration on the ground that the order did not consider material facts concerning the invention and disputed claim term. *See generally* Dkt. 58. Because the motion did not demonstrate "a manifest showing of a failure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086 JAK (RAOx) | | Date | April 17, 2024 |
|---|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | | |

to consider material facts presented to the Court before [the] decision" in the Claim Construction Order, it was denied. *See* Dkt. 66 at 4-5 (quoting L.R. 7-18(c)) (new arguments could have been raised earlier, and other arguments were repeated from prior briefing).

Following claim construction, Defendant moved for summary judgment of non-infringement. In view of the Claim Construction Order, which forecloses Plaintiff's literal infringement theory, Plaintiff argued that the accused products infringe under the doctrine of equivalents. The Order Regarding Summary Judgment Motions concluded that, because the applicant made certain amendments to the claim language during prosecution to overcome § 102 and § 103 rejections, the claims were narrowed for a substantial reason relating to patentability. MSJ Order at 9. Thus, prosecution history estoppel applied and Plaintiff could not assert the surrendered subject matter as an equivalent to show infringement. *Id.* Accordingly, summary judgment of non-infringement was granted as to the utility patents. *Id.* at 9-10.

    B.    The Design Patent

The D382 Patent claims an ornamental design for a wig grip as shown and described in ten drawings, two of which are as follows:



*See* D382 Patent, Figs. 1, 9. Summary judgment of infringement concerning the design patent was denied because there were certain genuine issues as to material facts. *See generally* MSJ Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086 JAK (RAOx) | | Date | April 17, 2024 |
|---|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | | |

### III.  Analysis

####   A.  Legal Standards

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney's fees to the prevailing party." 35 U.S.C. § 285. Although the Patent Act does not define "exceptional," the Supreme Court has construed it to have its ordinary meaning, i.e., "'uncommon,' 'rare,' or 'not ordinary.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014). Thus, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. Section 285 discourages certain "exceptional" conduct by imposing the cost of bad decisions on the decision maker. *Id.* at 554–55.

District courts determine whether a case is exceptional by "considering the totality of the circumstances." *Id.* Fees may be awarded where "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless" exceptional. *Id.* at 555. "A case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* A party seeking an award of fees has the burden to prove that they are warranted by a preponderance of the evidence. *Id.* at 557–58. Other relevant factors may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 & n.6 (quotations omitted). "The substantive strength of a party's litigating position can—i.e., whether it is objectively baseless—independently support an exceptional-case determination." *Nova Chemicals Corp. (Canada) v. Dow Chem. Co.*, 856 F.3d 1012, 1017 (Fed. Cir. 2017).

In the companion case to *Octane Fitness*, the Supreme Court held that "[b]ecause § 285 commits the determination whether a case is 'exceptional' to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion." *Highmark Inc. v. Allcare Health Mgmt. Sys.*, 572 U.S. 559, 563 (2014). The abuse-of-discretion standard applies to "all aspects of a district court's § 285 determination." *Id.* at 564.

####   B.  Application

This case is not an exceptional one. As an initial matter, both parties had some success. Defendants prevailed on their motion for summary judgment of non-infringement with respect to the utility patents, but not with respect to the design patent. MSJ Order at 1. The parties later settled the design-patent claim. *See* Dkt. 108 at 2. During the claim construction process, the parties only sought construction of one term; the Court adopted a construction that had not been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086 JAK (RAOx) | | Date | April 17, 2024 |
|---|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | | |

proposed by either party. Claim Construction Order at 12. For these reasons, this case does not stand out from others with respect to the strength of the litigation position of either party.

As to the utility-patent claims, Plaintiff's position was neither frivolous nor objectively unreasonable. "Defeat of a litigation position, even on summary judgment, does not warrant an automatic finding that the suit was objectively baseless; all of the circumstances must be considered." *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1315 (Fed. Cir. 2010). "As such, in assessing whether the case is exceptional under § 285, what matters is whether Plaintiff['s] claims for patent infringement were exceptionally weak, not simply whether the claims were unmeritorious at the summary judgment stage of the case." *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, No. 22-CV-00676-H-MSB, 2023 WL 6812549, at *5 (S.D. Cal. Oct. 16, 2023). Plaintiff's claims required close analysis of the prosecution history to determine the scope of prosecution history estoppel. Accordingly, the claims were not exceptionally weak, and it was not unreasonable to initiate this litigation. MSJ Order at 7-10. Nor have Defendants proffered evidence that Plaintiff brought this case for improper reasons, so the "motivation" factor does not support the Motion. *See* Motion at 8 (declining to speculate about Plaintiff's motivation).

Further, this case does not stand out from others with respect to the manner in which it was litigated. Plaintiff did not do so in an unreasonable manner. Therefore, considerations of compensation and deterrence do not support the conclusion that Defendants should recover their attorney's fees.

Defendants have advanced three contrary arguments. None is persuasive. *First*, Defendants argue that Plaintiff's infringement case was weak from the outset. Defendants argue that their counsel provided Plaintiff with a thorough, pre-suit explanation of its non-infringement position. Thus, Defendants presented substantially the same prosecution history estoppel argument that ultimately led to the order granting summary judgment. *See* Dkt. 111-3 at 9. However, there is no rule that a plaintiff must accept a defendant's analysis of their claims or the relevant prosecution history. The record reflects that the parties disagreed about whether the claims of the Asserted Patents were amended to clarify the claims or to avoid prior art. *See* MSJ Order at 6. It does not support a finding that Plaintiff ignored or failed to investigate the basis for Defendants' pre-suit non-infringement analysis.

In further support of their "weak from the beginning" argument, Defendants point to the statement in the Claim Construction Order that "Plaintiff's proposed construction provides context for the relationship between these elements, [but] it does not address claim scope." *See* Claim Construction Order at 8. However, this was a statement that Plaintiff's proposed construction was unpersuasive. Because "Defendant's construction adds unsupported limitations to the claims" and "[b]oth proposed constructions overlook plain and ordinary meaning," the outcome of the claim-construction process weighs against a finding that this case was exceptional. *See id.* Similarly, Defendants argue that their proposed construction was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086 JAK (RAOx) | | Date | April 17, 2024 |
|---|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | | |

closer to the construction ultimately adopted than the one that Plaintiff proposed. Even accepting this position for purposes of the present analysis, this is the kind of less-than-total success that weighs against a finding that this case is exceptional.

Defendants also argue that Plaintiff's infringement case was unpersuasive because Plaintiff's first letter only asserted infringement under the doctrine of equivalents, but Plaintiff made a literal infringement argument when bringing this action. However, there is no basis to conclude that Plaintiff implicitly conceded literal infringement or that Plaintiff's counsel advised it not to pursue a literal infringement theory. A plaintiff is not obligated to make all of its infringement arguments in communications with a potential defendant prior to commencing litigation. Rather, a plaintiff may broaden its infringement theories, including based on pre-litigation arguments of a potential defendant, so long as it timely discloses them in discovery. Further, infringement under the doctrine of equivalents has the same effect as literal infringement. It is common for a plaintiff to pursue both literal infringement and infringement under the doctrine of equivalents. Once again, this action does not support a finding that this case is exceptional.

*Second*, Defendants argue that Plaintiff unnecessarily increased Defendant's costs to defend the claims by asserting both the '159 Patent and '477 Patent. Thus, Defendants contend that the '159 Patent covered the relevant product, and the '477 Patent was the only viable method for using that product. Motion at 10; Reply at 5. However, it was reasonable to assert both patents. The '477 Patent covers a method for using an apparatus similar to the one claimed in the '159 Patent. However, the apparatus described in each patent is different. In the '159 Patent, the claims require that the outboard positions are in releasable gripping engagement, and that the securement members and mesh element collectively form a band; the '477 Patent contains no such restrictions. *Compare* '159 Patent at Claim 1 *with* '477 Patent at Claim 1.

Even if it were determined that Defendants infringed both patents, understanding the full scope of Plaintiff's invention would have been relevant to damages. For example, the reasonable-royalty analysis considers "[t]he nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention," as well as "[t]he portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer." *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Nor have Defendants proffered evidence that the assertion of both patents increased their attorney's fees. Both patents share the same specification and figures. *Compare* '159 Patent *with* '477 Patent. The only term for which the parties sought construction was present in both patents. *See* Claim Construction Order. For all of these reasons, the assertion of both patents does not show that this case stands out as to the manner in which it was litigated.

*Third*, Defendants argue that Plaintiff's motion for reconsideration of the Claim Construction Order was a waste of judicial resources and placed an unnecessary burden on Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08086 JAK (RAOx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | NG Imports, Inc. v. Createdhair Designs, LLC et al. | | |

Motion at 10. Specifically, Defendants argue that Plaintiff only proposed new claim constructions and arguments that could have made earlier. Reply at 5. Plaintiff responds that, although its motion for reconsideration was unsuccessful, it had a sufficient basis for arguing that there was "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Opposition at 12; L.R. 7-18. Plaintiff did not have a sufficient basis for the motion to reconsider. However, standing alone, that motion does not warrant a finding that this case is exceptional. The motion was not frivolous. Motions for reconsideration, even when they do not meet the standards of L.R. 7-18, occur with sufficient frequency that the one made in this case does not stand out.

\*            \*            \*

Because it is determined that this case is not exceptional, it is unnecessary to determine whether Defendants have provided adequate support for their fee request or to fix the amount of fees to which Defendants would be entitled.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

:

Initials of Preparer   tj